# Peerless Bread Machine Company, Inc., of Ohio v. Matthews, Appellant.

*Sales—Conditional sales—Bailments—Act of May 19, 1915, P. L. 543, section 22 (Sales Act).*

A contract between a vendor and a vendee for the sale of baking machinery provided for the payment of a certain sum at the delivery of the machinery and the balance in equal monthly installments secured by promissory notes.   The contract also provided that if any of the notes were not paid at maturity the vendee could retake possession of the machinery, and that the title to the same should remain in the vendor, until the notes had been paid.   After the machinery had been in the possession of the vendee for some time it was destroyed by fire.

In an action to recover the balance due on the notes, judgment was properly entered in favor of plaintiff for want of sufficient affidavit of defense, where the affidavit admitted the execution of the contract and the delivery of the machinery, but asserted, by way of defense, that the property was received on a bailment lease, and that the defendant was, therefore, not responsible for the loss occasioned by the fire.

Section 22 of the Act of May 19, 1915, P. L. 543 (Sales Act), provides that "where delivery of the goods has been made to the buyer or to the bailee for the buyer, in pursuance of the contract, and the property in the goods has been retained by the seller merely to secure the performance by the buyer of his obligations under the contract, the goods are at the buyer's risk from the time of such delivery."

Where the plaintiff intended to sell and the defendant to buy and there was an unqualified obligation of the latter to pay the price agreed upon, the contract was a conditional sale and judgment was properly entered in favor of the plaintiff.

330 PEERLESS BREAD MACHINE CO. *v.* MATTHEWS.

Argued April 9, 1923. Appeal, No. 33, April T., 1923, by defendant, from judgment of C. P. Erie Co., Nov. T., 1921, No. 244, in favor of plaintiff for want of a sufficient affidavit of defense in the case of Peerless Bread Machine Company, Inc., of Ohio v. D. J. Matthews, Appellant. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover unpaid installments due on written contracts of sale.

Rule for judgment for want of a sufficient affidavit of defense. Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule and entered judgment in favor of the plaintiff in the sum of $400. Defendant appealed.

*Error assigned* was the decree of the court, quoting it.

*S. Y. Rossiter*, for appellant.—The contract was a bailment and not a conditional sale, and the defendant was not liable for the loss occasioned by the fire: Potter v. Stetson & Co., 11 Pa. Superior Ct. 627; Painter v. Snyder, 22 Pa. Superior Ct. 603; Lippincott v. Scott, 198 Pa. 283; Wilson v. Weaver, 66 Pa. Superior Ct. 599; Bloch v. Lotz, 5 Berks 146.

*Chas. P. Hewes*, for appellee.—The contract was a conditional sale: Haak v. Linderman, 64 Pa. 499; Forrest v. Nelson, 108 Pa. 481; Hineman v. Matthews, 138 Pa. 204; Ott v. Sweatman, 166 Pa. 217.

OPINION BY HENDERSON, J., July 12, 1923:

The appellant complains of the action of the court in entering judgment against him for want of a sufficient affidavit of defense. The action is based on a contract between the plaintiff and the defendant for the delivery

to the latter of a machine known as a loaf moulder for the sum of $685; $85 of which was to be paid with the order for the machine; $100 on its arrival at the defendant's freight station, and the balance in ten monthly installments of $50 each, for which deferred payment notes were to be given payable successively each month. The machine was delivered to the defendant and used by it until it was destroyed in a fire. Two hundred and eighty-five dollars were paid to the plaintiff on the contract. This action was brought to recover the balance due. The execution of the contract and the delivery of the machine are admitted, but it is asserted by way of defense that the property was received on a bailment lease; that it was destroyed by fire; and that the defendant is therefore not responsible for the payment of the balance on the contract. It is suggested as a preliminary proposition in the appellant's argument that judgment should not have been entered absolutely on the rule, for the reason that the affidavit raised a question of law, and the appellant was therefore entitled to the benefit of the provision of the 20th section of the Practice Act of 1915 which authorizes a defendant in his affidavit of defense to raise any question of law without answering the averments of fact in the statement of claim, which question of law may be set down for hearing and disposed of by the court; and if in the opinion of the court the decision of such question of law disposes of the whole or any part of the claim, the court may enter judgment for the defendant and make such other order as may be just; and if the court shall decide the question of law as raised against the defendant, he may file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days. As we read the affidavit, however, it lacks the features of a demurrer. It admits the contract and the receipt of the machine, but avers that a subsequent occurrence, to wit, the fire and the destruction of the machine, has relieved the defendant from further obligation to pay. This is a conclusion of law growing

out of the facts asserted, but such conclusion arises in every sufficient affidavit of defense. The plaintiff having asserted such liability of the defendant, the latter replies by a denial of such liability because of the fire. The question for the consideration of the court is whether there is a sufficient answer to the plaintiff's demand. It will be noted too that it is not asserted there is any other defense, nor was there any offer to file a supplemental affidavit. The whole question presented by the affidavit is what was the nature of the transaction between the parties, and what was the liability of the defendant, the fact of the fire not having been denied? The plaintiff's contention that the contract was a bailment rests principally on two clauses in the contract, the first of which provides that "if any one of said notes is not paid at maturity then, all of said notes, at the option of said The Peerless Bread Machine Company, Inc., and without notice shall become immediately due and payable, or, at the option of said The Peerless Bread Machine Company, Inc., said The Peerless Bread Machine Company, Inc., may terminate this contract and take possession of said machinery." Immediately following which is the provision "if said The Peerless Bread Machine Company, Inc., shall at any time deem it best to take or remove said machinery or any part thereof, a reasonable compensation will be paid for the use of said machinery in addition to the actual damage sustained by said property by breakage or otherwise." There is the further provision in the second paragraph of the contract as follows: "It is hereby agreed that the title to said machinery above described shall be and remain in said The Peerless Bread Machine Company, Inc., until the cash payments and the full amount of said described notes have been paid. Any renewal of said notes is not to be considered as payment of the original notes and not in any wise to change the ownership of said above-described articles which it is agreed shall ever remain the property of said The Peerless Bread Machine Company, Inc., until

said notes and all renewals thereof are fully paid." As against the construction thus contended for, it will be seen by reference to the contract, that it is in the form of an order given by the defendant to the plaintiff in part as follows: "Gentlemen:

"You may enter my order for One—8", motor drive, Peerless Loaf Moulder, Motor Single phase, 60 cycle, 110 volts, at the agreed price of Six hundred eighty-five and 00/100 Dollars f. o. b., Sidney, Ohio. Shipment to be made at once. Express. Terms of payment to be $85 with order, $100 on arrival of machinery or any part thereof at this freight depot, and the balance in 10 monthly payments of $50 each by notes to be given, said notes to bear interest from date at 6 per cent per annum, and highest legal rate from maturity until paid." Under the title "warranty" it is provided that "this machinery is purchased and sold subject to the following warranty and agreement, etc." In the last paragraph it is provided as follows: "After the machinery mentioned herein is delivered to the purchaser, all subsequent contracts relating thereto or in any wise affecting this warranty or the return of the machinery thereunder, must be in writing, and must, in order to bind the company, be signed by its secretary." In six other places in the contract the defendant is referred to as the purchaser. There are no express terms of bailment; there is no provision for rent; there is no period fixed for the return of the property; nor is there any provision for its return by the defendant. That it was intended the transaction should be a sale we think may be fairly concluded from the terms of the contract and the nature of the transaction. That there was a purpose to retain the title as security for the deferred payments is evident—it is so expressly stated in the second paragraph of the contract as above quoted. The paragraph relating to the right of the plaintiff to take or remove the machinery if at any time it should deem it best so to do must be read in connection with the preceding paragraph authorizing the plaintiff

to terminate the contract and take possession of the machinery if the notes should not be paid at maturity. The contract does not admit the construction that the plaintiff was authorized at any time to retake the property if the defendant were not at fault. The agreement to retain the title is not incompatible with the theory of a sale. The Sales Act of 1915 contemplates such retention of title as security for the payment of the purchase price. The transaction has the necessary qualities of a conditional sale and lacks the essential qualities of a bailment. We come to the inquiry then did the destruction of the property release the defendant from his obligation to pay? This question is sufficiently answered by paragraph A of section 22 of the Sales Act of 1915, P. L. 543, as follows: "Where delivery of the goods has been made to the buyer, or to a bailee for the buyer, in pursuance of the contract, and the property in the goods has been retained by the seller merely to secure the performance by the buyer of his obligations under the contract, the goods are at the buyer's risk from the time of such delivery." As it is apparent that the plaintiff intended to sell and the defendant to buy, and there was an unqualified obligation of the latter to pay the price agreed on, the facts are within the provisions of the statute as above quoted.

We do not find error therefore in the action of the court. The judgment is affirmed.